Ryan L. Gentile
Law Offices of Gus Michael Farinella, PC
147 West 35th Street
Suite 1008
New York, NY 10001
Tel: 212-675-6161
Attorney for Plaintiff, Justina Luna,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X
JUSTINA LUNA, on behalf of herself and               Civil Action No
all others similarly situated,
                                                      **CLASS ACTION**
                Plaintiff,                            **COMPLAINT**

        v.

UNIVERSAL FIDELITY, LP
and JOHN LEE JACKSON

                Defendants.
---------------------------------------------------------X

Plaintiff, by her attorneys The Law Offices of Gus Michael Farinella, P.C., as and for her complaint against the defendants, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Universal Fidelity, LP (''Universal") and John Lee Jackson ("Jackson"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading

statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications were received by plaintiff within this District; and

   b. Defendants do business within this District.

## PARTIES

5. Plaintiff, Justina Luna, is an individual who resides in the City of Bound Brook, County of Somerset, State of New Jersey.

6. Plaintiff is a "consumer" as defined by the FDCPA.

7. Defendant, Universal, is a corporation chartered under Texas law, engaged in the business of collecting debts within this state, with offices at 16325 Westheimer Road  Houston, Texas 77082

8. The principal purpose of Universal is the collection of debts using the mail and telephone.

9. Universal regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. According to Universal's website they are a "Collection Agency".

11. Universal is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

12. Defendant, Jackson, is an individual with a Texas law office located at 1445 Langham Creek Drive in Houston, Texas 77084.

13. Upon information and belief the principal purpose of Jackson is the collection of debts using the mail and telephone.

14. Upon information and belief Jackson regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. Jackson is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

**FACTS**

16. On or about September 6th, 2012, plaintiff was sent the collection letter attached as **Exhibit A**, bearing Jackson's name in the upper left hand corner.

17. In sending **Exhibit A**, Jackson sought to collect a financial obligation incurred for personal, family or household purposes and not business purposes.

18. **Exhibit A** is a standard form document.

19. More than 200 examples of **Exhibit A** have been sent out during the last 12 months.

20. **Exhibit A** is sent out with the knowledge and consent of defendants.

21. Documents in the form represented by **Exhibit A** are regularly sent to collect delinquent debts.

22. On or about August 7, 2012 plaintiff was sent the collection letter attached as **Exhibit B**, from Universal.

23. The letters to the Plaintiff are each a "communication" as defined by the FDCPA.

24. **Exhibit A** has a remarkably striking resemblance to **Exhibit B** which is a letter sent by Universal. The similarities include the same payment address, payment website, contact

number, office hours and most of the language used in each letter. They also include the same exact debtor information box except for the date. The payment coupon on the bottom of the page is exactly the same.

25. In addition, the backs of the letters are identical with the exception of a specific warning for residents of Wisconsin in the letter from Jackson.

26. Jackson and Universal attempt to make the letter attached as **Exhibit A**, seem like the letter is coming from Jackson personally.

27. **Exhibit A** directs that payments are to be sent directly to Universal. All mail and phone calls are also directed to Universal.

28. **Exhibit A** states "I am an attorney on retainer with Universal Fidelity, LP. I am not an employee of Universal Fidelity, LP and only advise them of corporate law and therefore advise them on legal matters." A copy of Jackson's signature is on the letter as well.

29. **Exhibit A** is intended to mislead and frighten consumers into believing that the letter is coming from Attorney Jackson.

30. The letter from Jackson with his name on the letterhead creates an inherently deceptive impression and misrepresentation that he is engaged in the collection of the debt when he is not.

31. Upon information and belief, Jackson has no other involvement in the collection efforts than the letter sent as **Exhibit A.**

32. Universal furnished the collection letter attached as **Exhibit A**, with Jackson's letter head on the top.

33. Jackson merely allowed his name to be put on the letter attached as **Exhibit A**, that was then mailed by Universal.

34. Jackson falsely makes it seem as though the letter is coming from his office.

35. Upon information and belief, Jackson had zero input in the letter purportedly sent by him. Instead, Universal sent the letter.

36. Universal participated in the deception because they allowed their form to be used by Jackson and Universal mailed the form to the consumer to make it appear that Jackson, an attorney, was participating in the collection of the debt when he was not.

37. Upon information and belief, Jackson is not paid a percentage from the amount collected.

38. Upon information and belief, Jackson receives a flat fee based upon the number of letters sent with his name on it.

## CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

40. Exhibit A violates 15 U.S.C. §§1692, 1692e

41. Section 1692e provides:

### § 1692e.   False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:…

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(9) The use or distribution of any written communication…… which creates a false impression as to its source, authorization or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt….

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

42. By sending the letter attached as **Exhibits A** Universal violated 1692e(3), (9), (10), and (14). Universal violated these provisions because the letter sent by Universal on the letterhead of John Lee Jackson gives the false impression that the letter was from John Lee Jackson, an attorney, when it was really sent by Universal, a non-attorney. In addition, by Universal sending a letter on an attorney's letterhead, the letter creates a false impression as to its source, creates an inherently deceptive impression and misrepresentation that Jackson is engaged in the collection of the debt when he is not, and Universal uses a name (John Lee Jackson) that is other than the true name of the debt collectors company.

43. By allowing his name to be placed on the letter attached as **Exhibit A** Jackson violated 1692e(3), (9), (10), and (14). Jackson violated these provisions because he allowed Universal to furnish the collection letter attached as **Exhibit A**, with Jackson's letter head on the top. The letter from Jackson with his name on the letterhead creates an inherently deceptive impression and misrepresentation that he is engaged in the collection of the debt when he is not. Jackson merely allowed his name to be put on the letter attached as **Exhibit A**, that was then mailed by Universal. Jackson falsely makes it seem as though the letter is coming from his office when it is actually coming from Universal.

44. **Exhibit A** was used and caused to be distributed by Defendants in violation of the above quoted provisions of the statute.

## CLASS ALLEGATIONS

45. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b) (3).

46. The class consists of (a) all individuals (b) with a New Jersey address (c) who were sent a letter in the form represented by Exhibit A and it was not returned undeliverable by the post office (d) on or after a date one year prior to the filing of this action.

47. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

48. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

49. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

50. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

51. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible.
    a. Members of the class are likely to be unaware of their rights;
    b. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1) Statutory damages;

  (2)  Attorney's fees, litigation expenses and costs of suit;

  (3)  Such other and further relief as the Court deems proper.

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Rule 11.2, I certify that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrating proceeding.

Dated: New York, New York
    July 31, 2013

          The Law Offices of Gus Michael Farinella, PC

        /s/ Ryan Gentile
    By:_____
         Ryan Gentile (RG0835)
         Attorney for Plaintiff
         147 West 35th Street
         Suite 1008
         New York, NY 10001
         Tel: (212) 675-6161
         Fax: (212) 675-4367
         rlg@lawgmf.com